# SEALED

PHILLIP A. TALBERT
Acting United States Attorney
JEREMY J. KELLEY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

## FILED

NOV 2 3 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK



IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

INFORMATION ASSOCIATED WITH
SHARAKELSEY8@GMAIL.COM THAT IS
STORED AT PREMISES CONTROLLED BY
GOOGLE, INC.

CASE NO.    2 16 - SW - 1 3 7   KJN

APPLICATION FOR ORDER COMMANDING
GOOGLE, INC. NOT TO NOTIFY ANY PERSON
OF THE EXISTENCE OF Warrant

**UNDER SEAL**

The United States requests that the Court order Google, Inc. not to notify any person (including the subscribers and customers of the account(s): SHARAKELSEY8@GMAIL.COM listed in the Warrant) of the existence of the attached Warrant for 180 days from the date of the Court's order.

Google, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached Warrant, which requires Google, Inc. to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached Warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to

APPLICATION FOR ORDER

1

believe that notification of the existence of the attached Warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the Warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Google, Inc. not to disclose the existence or content of the attached Warrant, except that Google, Inc. may disclose the attached Warrant to an attorney for Google, Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated:

PHILLIP A. TALBERT
Acting United States Attorney

By: _____

JEREMY J. KELLEY
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of California

SEALED FILED

In the Matter of the Search of
)
)
)
INFORMATION ASSOCIATED WITH )
SHARAKELSEY8@GMAIL.COM THAT IS STORED )
AT PREMISES CONTROLLED BY GOOGLE, INC. )
)
)

Case No.

NOV 2 3 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

2:16 - SW - 7 3 0 KJN

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____Eastern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1341 | Mail Fraud |
| 18 U.S.C. § 1343 | Bank Fraud |
| 18 U.S.C. § 1028 | Identity Theft |
| 18 U.S.C. § 1029 | Access Device Fraud |
| 18 U.S.C. § 1708 | Mail Theft |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☑ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Roxanne LeMaire*
*Applicant's signature*

Roxanne LeMaire Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _Nov. 23 2016_

_____
*Judge's signature*

City and state: ___Sacramento, California___

Kendall J. Newman, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH **SHARAKELSEY8@GMAIL.COM** THAT IS STORED AT PREMISES CONTROLLED BY **GOOGLE, INC.** | Case No. _____ <br><br> **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Roxanne M. LeMaire, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain account, sharakelsey8@gmail.com, that is stored at premises controlled by Google, Inc., an email provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google, Inc., to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2.      I am a U.S. Postal Inspector for the United States Postal Inspection Service and have been employed since June 2006. I am currently assigned to the Mail Theft Team in the San Francisco Division, Sacramento Domicile in Sacramento, California, where I investigate federal criminal violations, including crimes which involve the use of the U.S. Mails. My law enforcement experience includes the investigation of numerous criminal offenses including, but

not limited to, crimes involving mail theft, mail fraud, bank fraud, identity theft, forgery, counterfeit checks, and credit card fraud. I have attended law enforcement training to include twelve weeks of training of Postal Inspector Basic Training in Potomac, Maryland. As a U.S. Postal Inspector, I am authorized to investigate and to make arrests for federal criminal violations, including for mail theft, possession of stolen mail, false statements, obstruction of mail, bank and mail fraud, theft of government property, burglaries, and robberies.

3. The statements in this affidavit are based on (a) my personal knowledge, (b) my participation in this investigation, (c) my training and experience, and the training and experience of other law enforcement personnel with whom I have discussed this case, (d) information gained from other law enforcement personnel, federal reports and databases, and (e) witness and/or victim statements. Because this affidavit is submitted for the limited purpose of obtaining a search warrant, I have not included every fact known concerning this investigation. I have set forth only the facts that I believe are essential to establish the necessary foundation for a search warrant authorizing a search of the sharakelsey8@gmail.com account.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 1341 (mail fraud), 1343 (bank fraud), 1028 (identity theft), 1029 (access device fraud), and 1708 (mail theft) have been committed by unknown persons. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

## **JURISDICTION**

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) &

(c)(1)(A).  Specifically, the Court is "a district court of the United States (including a magistrate judge of such a court) . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

**PROBABLE CAUSE**

6.      On October 28, 2016, a fraudulent vacation hold was placed on Shara Kelsey (S.K.)'s mail via the USPS.com website.  The hold was scheduled to start on October 29, 2016 and continue through November 28, 2016.  On October 31, 2016, your affiant was notified about the fraudulent vacation hold by a letter carrier based out of the Royal Oaks Post Office.  The carrier provided the document making the request for the vacation hold which states "one of my grandchildren will pick up my mail.  Valerie Prillwitz is the only authorized person to pick up my mail."  S.K.'s letter carrier verified that S.K. did not place the vacation hold on the mail as S.K. was home on the beginning date.

7.      S.K. resides in Sacramento, California, which is in the State and Eastern District of California.  The Royal Oaks Post Office is also located in Sacramento, California.

8.      On November 1, 2016, S.K. was interviewed and confirmed she did not place the vacation hold on her account.  S.K. also provided  a spreadsheet which she has completed detailing numerous fraudulent transactions, including new cards ordered, transactions of her current cards, communication with the different credit card companies, and unauthorized changes of email addresses and passcodes associated with her accounts.  S.K. stated she was notified that on October 25, 2016, her email address for her PayPal account was changed from her true email address to sharakelsey8@gmail.com and a charge of $1,000.00 was conducted to Finish Line to purchase shoes.  S.K. also provided information that a Target credit card was

applied for in her name, that her Chase and American Express credit card accounts were compromised, and that someone attempted to add an authorized user to her Home Depot account.

9.      On November 2, 2016, a Target investigator provided information that on October 25, 2016, a Target credit card was applied for using the S.K.'s true name, date of birth, home address, and social security number. The email address provided for the opening of the account, however, was sharakelsey8@gmail.com, which is not S.K.'s true email address  The IP address used returned to a T-Mobile Phone. However, I have been informed by T-Mobile that it does not preserve subscriber IP information.

10.     On November 3, 2016, a JP Morgan Chase Bank representative provided information related to S.K.'s accounts. S.K. had four accounts with Chase credit cards. On October 24, 2016, an unknown person called Chase and presented themselves to be S.K., reported her cards were lost, and ordered replacement cards to be mailed to the victim's home address. While reporting the credit cards lost, they also changed the victim's email address from her true email address to sharakelsey8@gmail.com.

11.     On November 10, 2016, I requested the IP information from USPS.com for the fraudulent vacation hold that was placed on  S.K.'s true home address from October 29 through November 28, 2016. On November 17, 2016, I received the IP information. The IP information returned to a T-Mobile phone, which is consistent with the information received from Target. Again, T-Mobile does not preserve subscriber information so I cannot pursue that avenue of inquiry further at this time. The email address listed on the fraudulent vacation hold was sharakelsey8@gmail.com.

12.     Based upon my training and experience, this type of activity is consistent with recent schemes in which schemers attempt to take over a victim's bank, credit card, and other

consumer accounts. The schemers will change the victim's email address so the victim is unaware of the takeover. The schemers will request replacement cards be sent to the victim's real home address to reduce suspicion on the part of the bank, credit card, or other company. However, the schemers will then place either a vacation hold or mail forwarding request with the US Postal Service and thereby divert the cards from the victim into their own possession. The schemers can do this online at USPS.com by using the victim's personal identifying information and posing as the victim.

13.     I believe that S.K. is the victim of such a scheme executed by persons as yet unknown. Information stored by Google, Inc., relating to the creation, access, and maintenance of the sharakelsey8@gmail.com address is evidence of who has perpetrated this scheme. The sharakelsey8@gmail.com account will also contain confirmation emails for all email address changes the schemers have affected to date. Further, as described below, information stored by Google, Inc., may also indicate other email accounts created, accessed, and maintained by the schemers, which in turn may lead to additional victims and compromised accounts and produce further evidence of the scheme.

## BACKGROUND CONCERNING EMAIL

14.     In my training and experience, I have learned that Google, Inc., provides a variety of on-line services, including electronic mail ("email") access, to the public. Google, Inc., allows subscribers to obtain email accounts at the domain name gmail.com, like the email account listed in Attachment A. Subscribers obtain an account by registering with Google, Inc. During the registration process, Google, Inc., asks subscribers to provide basic personal information. Therefore, the computers of Google, Inc., are likely to contain stored electronic communications (including retrieved and unretrieved email for Google, Inc., subscribers) and

information concerning subscribers and their use of Google, Inc., services, such as account access information, email transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

15.     In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

16.     In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (*i.e.*, session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP

address information can help to identify which computers or other devices were used to access the email account.

17.     In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users.  Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

18.     This application seeks a warrant to search all responsive records and information under the control of Google, Inc., a provider subject to the jurisdiction of this court, regardless of where Google, Inc., has chosen to store such information.  The government intends to require the disclosure pursuant to the requested warrant of the contents of wire or electronic communications and any records or other information pertaining to the customers or subscribers if such communication, record, or other information is within Google, Inc.'s possession, custody, or control, regardless of whether such communication, record, or other information is stored, held, or maintained outside the United States.[1]

---

[1] It is possible that Google, Inc., stores some portion of the information sought outside of the United States.  In Microsoft Corp. v. United States, 2016 WL 3770056 (2nd Cir. 2016), the Second Circuit held that the government cannot enforce a warrant under the Stored Communications Act to require a provider to disclose records in its custody and control that are stored outside the United States. As the Second Circuit decision is not binding on this court, I respectfully request that this warrant apply to all responsive information— including data stored outside the United States—pertaining to the identified account that is in the possession, custody,

19.     As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time.  Further, information maintained by the email provider can show how and when the account was accessed or used.  For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account, along with the time and date of that access.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner.  Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (*e.g.*, location information integrated into an image or video sent via email).  Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (*e.g.*,

---

or control of Google, Inc.  The government also seeks the disclosure of the physical location or locations where the information is stored.

communications relating to the crime), or consciousness of guilt (*e.g.*, deleting communications in an effort to conceal them from law enforcement).

20.     I am aware that Google offers a service through which a computer user can search webpages for text that the user types in, and that under some circumstances Google saves the user's text searches for later retrieval. I am also aware that Google may also keep records of the webpages or IP addresses that a user clicks on or types directly into his web browser's address bar if the user is using Google's web browser (Google Chrome) and has logged into Google Chrome with his Google account's username and password.

21.     I am aware that Google, Inc., records the IP address(es) used to access an account. By comparing IP addresses, it is possibly to identify other accounts which were accessed by the same persons.

22.     I am also aware that Google, Inc., keeps records of which Google accounts are accessed from the same browser on an electronic device. Accounts accessed from the same electronic device may share the same "cookie." A cookie is small file stored on an electronic device that provides a way for a web site to recognize the user and keep track of the user's preferences. Google, Inc., uses cookies and can identify accounts which share the same cookie(s) and are accessed from the same electronic device.

## CONCLUSION

23.     Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on Google, Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## REQUEST FOR SEALING

24.     It is respectfully further requested that this Court issue an order sealing, until

further order of this Court, all papers submitted in support of this Application, including the

Application and Affidavit.  Sealing is necessary because the items and information to be seized

are relevant to an ongoing investigation that is neither public nor known to all of the targets.

Premature disclosure may give targets an opportunity to flee/continue flight from prosecution,

destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise

seriously jeopardize the investigation.  Accordingly, there is good cause to seal these documents

as disclosure of the contents of this Affidavit and related documents may have a negative impact

on this continuing investigation and may jeopardize its effectiveness.


Respectfully submitted,


Roxanne M. LeMaire
Postal Inspector
United States Postal Inspection Service


Subscribed and sworn to before me on November ___ , 2016


Honorable Kendall J. Newman
UNITED STATES MAGISTRATE JUDGE


Approved as to form by AUSA Jeremy J. Kelley

## ATTACHMENT A

### I.      Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, the sharakelsey8@gmail.com account, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.     Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant.  The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

**ATTACHMENT B: ITEMS TO BE SEIZED**

**RELEVANT TIME PERIOD AND DEFINITIONS**

**Relevant Time Period:**

From October 1, 2016, through and including the date of the execution of this Search Warrant.

**I.      INFORMATION TO BE DISCLOSED BY GOOGLE, INC. (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is stored, held or maintained inside or outside of the United States, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.      The contents of all e-mails stored in the accounts, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each e-mail;

b.      The contents of all storage drive information associated with the accounts, including copies of all documents, draft documents, all dates, times, and person accessing the accounts and what was changed in the account;

c.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

d.      The identity of any other GOOGLE, INC., accounts linked to the subject account by cookies;

d.      All records or other information stored by an individual using the account, including address books, calendars, contact and buddy lists, calendar data, pictures, and files;

e.      All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken;

f.      The text of all Internet search requests input by the subscriber; and all URLs or IP addresses typed into the Google Chrome address bar or URLs or IP addresses clicked on

g.     For all information required to be disclosed pursuant to this warrant, the physical location or locations where the information is stored.

The Provider is hereby ordered to disclose the above information to the government within fourteen (14) days of the issuance of this warrant.

## II.     ITEMS TO BE SEIZED

For the accounts and identifiers listed in Attachment A, for the time period of October 1, 2016, to present, all emails, attachments, documents, contact information, data and information pertaining to, relating to or regarding the following matters, all of which constitute the fruits, evidence and instrumentalities of the statutes listed on the warrant (18 U.S.C. §§ 1341, 1343, 1028, 1029, and 1708), are to be seized:

1. Evidence indicating the identity of the person(s) who created or used the email account, including records that help reveal the whereabouts of such person(s).

2. Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner.

3. Any emails and/or attachments relating to business transactions; accessing or maintaining bank, credit, or other consumer accounts, including but not limited to USPS, Target, Chase, American Express, Home Depot, and Paypal; discussing any bank, credit, or consumer accounts related to Shara Kelsey or other identity theft victims; and purchases made using accounts related to Shara Kesley or other stolen identities.

4. Evidence indicating the email account owner's state of mind as it relates to the crimes under investigation, including but not limited to, electronic e-mail, attachment, photography, pdf, scan, contact or buddy information, or calendar entry.

5. The identity of any person(s) who communicated with the email account about matters relating to the theft and use of Shara Kelsey's personal identifying information, including records that help reveal their whereabouts.

6. Other information, documents or records evincing violations of 18 U.S.C. §§ 1341, 1343, 1028, 1029, and 1708, occurring between October 1, 2016, through the present, including but not limited to, electronic e-mail, attachment, photography, pdf, scan, contact or buddy information, or calendar entry.

AO 93 (Rev. 11/13) Search and Seizure Warrant

## UNITED STATES DISTRICT COURT

SEALED

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of | ) |
| INFORMATION ASSOCIATED WITH SHARAKELSEY8@GMAIL.COM THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE, INC. | )  )  )  )  )  ) |

Case No. 2:16 - SW - 739   KJN

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____December 7, 2016_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐  for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   Nov. 23, 2016   10:00 A.M.     _____
                                                                                        *Judge's signature*

City and state:     Sacramento, California     Kendall J. Newman, U.S. Magistrate Judge
                                                                                *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| Certification |
|---|

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____     _____     _____

Subscribed, sworn to, and returned before me this date.

_____          _____
            Signature of Judge                                    Date

## ATTACHMENT A

### I.     Location to Be Searched

This warrant applies to information associated with the following GOOGLE, INC., e-mail account, the sharakelsey8@gmail.com account, that is stored at premises owned, maintained, controlled, or operated by GOOGLE, INC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### II.     Method

GOOGLE, INC., as custodian of the computer files described in Attachment B, shall locate and copy the files, documents, e-mails, data and information described in Attachment B, Section I onto removable electronic storage media. GOOGLE, INC. shall deliver the storage media and/or copies to the law enforcement officer executing this warrant.  The officer need not be present during this process.

Upon receipt of the materials described in Attachment B, Section I from GOOGLE, INC., the case agent will review the materials, and determine which, if any, of the requested information is relevant to the ongoing investigation, as set forth in Section II of Attachment B. The case agent will destroy any and all materials determined to be non-responsive.

## ATTACHMENT B: ITEMS TO BE SEIZED

## RELEVANT TIME PERIOD AND DEFINITIONS

### Relevant Time Period:

From October 1, 2016, through and including the date of the execution of this Search Warrant.

## I.     INFORMATION TO BE DISCLOSED BY GOOGLE, INC. (the "Provider")

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is stored, held or maintained inside or outside of the United States, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.     The contents of all e-mails stored in the accounts, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each e-mail;

b.     The contents of all storage drive information associated with the accounts, including copies of all documents, draft documents, all dates, times, and person accessing the accounts and what was changed in the account;

c.     All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

d.     The identity of any other GOOGLE, INC., accounts linked to the subject account by cookies;

d.     All records or other information stored by an individual using the account, including address books, calendars, contact and buddy lists, calendar data, pictures, and files;

e.     All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken;

f.     The text of all Internet search requests input by the subscriber; and all URLs or IP addresses typed into the Google Chrome address bar or URLs or IP addresses clicked on

g.      For all information required to be disclosed pursuant to this warrant, the physical location or locations where the information is stored.

The Provider is hereby ordered to disclose the above information to the government within fourteen (14) days of the issuance of this warrant.

## II.      ITEMS TO BE SEIZED

For the accounts and identifiers listed in Attachment A, for the time period of October 1, 2016, to present, all emails, attachments, documents, contact information, data and information pertaining to, relating to or regarding the following matters, all of which constitute the fruits, evidence and instrumentalities of the statutes listed on the warrant (18 U.S.C. §§ 1341, 1343, 1028, 1029, and 1708), are to be seized:

1. Evidence indicating the identity of the person(s) who created or used the email account, including records that help reveal the whereabouts of such person(s).

2. Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner.

3. Any emails and/or attachments relating to business transactions; accessing or maintaining bank, credit, or other consumer accounts, including but not limited to USPS, Target, Chase, American Express, Home Depot, and Paypal; discussing any bank, credit, or consumer accounts related to Shara Kelsey or other identity theft victims; and purchases made using accounts related to Shara Kesley or other stolen identities.

4. Evidence indicating the email account owner's state of mind as it relates to the crimes under investigation, including but not limited to, electronic e-mail, attachment, photography, pdf, scan, contact or buddy information, or calendar entry.

5. The identity of any person(s) who communicated with the email account about matters relating to the theft and use of Shara Kelsey's personal identifying information, including records that help reveal their whereabouts.

6. Other information, documents or records evincing violations of 18 U.S.C. §§ 1341, 1343, 1028, 1029, and 1708, occurring between October 1, 2016, through the present, including but not limited to, electronic e-mail, attachment, photography, pdf, scan, contact or buddy information, or calendar entry.